[Civ. No. 4571. Second Appellate District, Division Two.—June 14, 1927.]

## J. D. POETKER, Respondent, v. P. R. DYCK, Appellant.

**[1]** VENDOR AND VENDEE—PURCHASE OF REAL PROPERTY—INSUFFICIENT DESCRIPTION—INCOMPLETE CONTRACT—FUTURE NEGOTIATIONS—EVIDENCE.—In an action to recover money paid during negotiations for the purchase of land, writings, consisting of memoranda of negotiations between plaintiff and defendant, which contained no description of the land and from which it appeared to be the intention of the parties to have a contract prepared by a bank and placed in escrow following certain indefinite and uncertain suggestions, which was never done, did not constitute a contract for the purchase and sale of the land.

**[2]** ID.—CONSIDERATION—EVIDENCE—APPEAL.—In such action, the fact that the trial court permitted plaintiff to testify over the objection of defendant that he had received nothing of value from defendant for his money, and compelled defendant on cross-examination to answer that plaintiff had received nothing, was harmless, where the answers simply confirmed what was manifest on the face of the entire record.

**[3]** ID.—ESCROW INSTRUCTIONS—AGREEMENT TO PLACE CHECK IN ESCROW—EVIDENCE.—In such action, where the escrow instructions failed to disclose what disposition the parties intended to make of

an initial payment by plaintiff, the action of the trial court in permitting plaintiff to testify that at the time the check was deposited it was agreed that defendant would immediately place the check with the escrow papers was not error as an attempt to vary the terms of a written instrument by parol.

[4] Id.—Insufficient Contract—Consideration—Return of Money —Judgments.—In such action, where the trial court found that there was no contract between the parties and that plaintiff received no consideration for his money, a judgment for its return was proper.

(1) 39 Cyc., p. 1221, n. 29. (2) 4 C. J., p. 975, n. 88. (3) 22 C. J., p. 1186, n. 92. (4) 39 Cyc., p. 2019, n. 25.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. E. Borton for Appellant.

Mark H. Edwards and Andrew R. Schottky for Respondent.

MURPHEY, J., *pro tem.*—This is an action to recover the sum of $1,000 paid by the plaintiff to defendant during the pendency of negotiations for the purchase and sale of a tract of land in Fresno County. Judgment went for plaintiff in the trial court and defendant appeals. The record discloses that the title to the tract of land involved in this litigation was vested in one Beshaw, subject to a mortgage of $7,000; that there was an agreement by Beshaw to convey to one Wickstrom, who in turn had agreed to convey to the defendant; a crop contract with the California Raisin Association and a renewal option, which together covered a period of six years. The plaintiff, after having been shown the property by a real estate agent, went to the defendant and as a result of their negotiations the following writings were signed:

"Shafter, California, Nov. 12, 20.
"First National Bank, Reedly, Cal.
"Gentlemen:—Enclosed please find two insurance policies and some temporary escrow instructions by which you may be guided when Mr. Poetker calls at your bank.

"Thanking you in advance for the courtesy,
"I remain,
"Yours very truly,
"P. R. DYCK."
"Shafter, Nov. 12, 1920.
"Escrow Instructions.

"If J. D. Poetker can assume the balance of my equity of $4,000.00, I will allow accrued interest from Dec. 1st, 1919 to Nov. 12, 1920, which is $1064.02, leaving $2935.08, amount due me in addition to $6000.00, first payment. In this event, Mr. Poetker will assume the contract I made with Radish and Miljarak.

"P. R. DYCK.
"J. D. POETKER."
"Escrow Instructions.

"Purchase Price $26000.00—Cash to be paid $6000.00—Accept receipt held by J. D. Poetker for $1000.00 as part of said $6000.00 cash payment. Date of contract November 12th, 1920. Terms: $3000.00 including Interest to be paid Nov. 12, 1921, and Nov. 12th, 1922. After that $3500.00 per year. Seller pays 1st half of 1920–21 taxes. Prorate insurance. Pay Hagan & Anderson $1000.00 commission. Seller pays water tax for 1920. Two horses, harness, harrow, cultivator, 2 plows and 50 sweet boxes and hay in the barn go with the place. Write new contract showing that J. D. Poetker assumes contract dated Dec. 1–1919 between P. R. Dyck and Radish & Miljarak and that he will make payments direct to said Radish & Miljarak beginning 1921. Payments to be $2500.00 to Radish & Miljarak; $500.00 to P. R. Dyck, $1000.00 from 1923.

"P. R. DYCK,
"J. D. POETKER."
"Escrow instructions.

"26000.00 total purchase price. 6000.00 cash—20000 —terms—Pay 2500.00 less $6.00 due me from Miljarak, on contract to Radish & Miljarak, show on new contract amount due on former contract and that $2500.00 will be paid thereon by Mr. Poetker & 500.00 on my balance for 2 years after that $1000.00 per year. Show exact amount due R & M. & amount due P. R. Dyck on new contract. Have R & M bring abstract to time of their contract, I will bring same to Nov. 12, 1920—date of

this contract. Give possession of farm as soon as papers are signed, and of house as soon as tenant vacates, not later than Dec. 15, 1920. Date new Nov. 12, 1920. Nov. 17, 1920.

"P. R. Dyck,
"J. D. Poetker."

On December 6th the defendant wrote to the assistant cashier of the First National Bank with whom all the papers were deposited as escrowee as follows: " . . . would you be so kind and meet me at your house or some place that you choose to designate next Saturday night at 8:00 p. m. or near that time, where I might also meet J. D. Poetker, in order that I may finish the deal, or rather have the contract started for the deal that was made by us some time ago. I shall surely make it right with you. . . . " These documents were identified by the assistant cashier above referred to, who testified that he did not receive any other or further communications in this matter prior to May 11, 1921, this being the date upon which the plaintiff demanded the return of the $1,000 here involved, and that he did not do anything in the matter either as agent of the defendant or the plaintiff and did not have any conversation with the parties when together with reference to the matter. At the time of the signing of the first document above referred to, plaintiff gave to defendant a check for $1,000, which defendant contends was first payment on the purchase price, but plaintiff claims that the defendant agreed to forthwith deposit this check in the bank in escrow. However, whatever may have been the understanding, the defendant cashed the check and appropriated the money to his own use.

[1] It is manifest from the foregoing that there never was and never has been any meeting of the minds or any contract between these parties. Nowhere does there appear any description of the lands to be conveyed. It is apparent throughout the memoranda that it was their purpose and intent to have a contract prepared by the bank following certain indefinite and uncertain suggestions by the parties for the signature of both of the parties to the deal. This was never done. One of the memorandums recites that an abstract is to be prepared and plaintiff let into the possession of the property not later than December 15, 1920. No abstract was ever submitted to him and he testifies, and

there is no contradiction, that he inquired on the fifteenth day of December of the escrowee with regard to the abstract and was informed that it had not been delivered. The other evidence positively shows that the abstract was mailed on the eighteenth day of December to the escrowee, but that it was never presented to or called to the attention of the plaintiff. In his brief the defendant admits that the writings are undoubtedly incomplete, in which conclusion we readily concur. In these writings it is difficult to find where the defendant has expressly agreed to do any single act. The most that can be said of this so-called contract is that it was a fruitless effort of laymen to perform services requiring the exercise of professional skill, with the inevitable result of making business for lawyers, trouble for courts and burdensome outlays for the parties.

On the 11th of May, 1921, six months after depositing the writings with the bank, the plaintiff, through his attorney, in a letter bristling with criminal charges and closely verging on extortion, demanded a return of the money, which being refused, this litigation resulted.

The errors relied upon for a reversal relate entirely to the admission of certain testimony over the objection of the defendant. [2] The court permitted the plaintiff to testify over the objection of defendant that he had received nothing of value from the defendant for the $1,000. On cross-examination, under the same conditions, the defendant was compelled to answer that the plaintiff had received nothing. If these questions were objectionable no harm was done, as the answers simply confirmed what was manifest and apparent on the face of the entire record. [3] The court permitted the plaintiff to testify that it was agreed between the parties that at the time the $1,000 check was deposited, he, the defendant, would immediately place said check with the escrow papers in the bank. It is the defendant's contention that this is an attempt to vary the terms of a written instrument by parol. An examination of the writings fails to disclose just what disposition the parties intended with regard to this payment and we are satisfied that the circumstances and statements surrounding the transaction were not erroneously admitted. [4] Furthermore under all the circumstances developed in the case it seems to us that the question as to where the custody

of this fund should be or remain was entirely immaterial, the real issue being as to whether there ever was a contract and as to whether there was any consideration running to the plaintiff for the payment of this money. As to both of these issues, the holding of the trial court was adverse to appellant and this conclusion is in full accord with our views in the matter.

The judgment is affirmed.

Craig, P. J., *pro tem.*, and Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 13, 1927.