## HELMES et v K & M REALTY CO

Ohio Appeals, 1st Dist, Hamilton Co

Decided November 23, 1931

Clifford Brown and Charles K. Pulse, Cincinnati, for plaintiffs in error.

Albert E. Savoy, Cincinnati, for defendant in error.

to direct a verdict in their favor on motion made at the close of the plaintiff's case, and, again, at the close of all the evidence. Errors are claimed in the court's rulings on evidence offered by plaintiff, which was admitted, and evidence offered by the defendants, which was excluded, and that the verdict and judgment are against the weight of the evidence.

The contract between the plaintiff and defendants was in writing, and is in the record as Exhibit A, as follows:

"December 20, 1928.

"We hereby agree to sell through the K. & M. Realty Co. a lot known as 260 and 261 of Cedar Grove Land and Bldg. Assn. No. 2 being 50 ft. front facing Dewey Ave. and extending eastward to a depth of 77.57 ft. on the south side and 73.94 ft. on the north side together with all improvements, as follows, Title to be clear free and unincumbered except:

"Purchase price being $1,200.00

"Cash with offer $500.00

"Balance to be paid on or before 120 days of acceptance of this offer $700.00 to Mr. & Mrs. Helmes. The above mentioned Co. to receive 4% of purchase price as commission for services rendered, being $48.00 on acceptance of this offer by the undersigned.

"(Signed) Anthony Helmes
Carrie Helmes.

"This is subject to ability of sellers to convey the above mentioned lot due to a loan on the property on rear of lot."

It is difficult to understand why there should be any dispute or question as to the meaning of this contract. It is plain and unambiguous, and is one of principal and agent, in which Anthony Helmes and Carrie Helmes, the principals, agree to sell through the K. & M. Realty Company the lot described in the contract, and agree to pay commission of 4 per cent. of the sale price.

The contract is dated December 20, 1928, and provides for the payment of $500 upon signing the contract; the balance to be paid on or before 120 days from the acceptance of the contract. The undisputed evidence is that the $500 was not paid when the contract was executed, but was paid by check on January 28, 1929. This check was made payable to the order of "A. Helmes." It is attached to the record, marked Exhibit 4. The balance of $700 was not paid or tendered within the 120-day limitation under the contract. The first indication of the desire to make payment by the K. & M. Realty Company of the balance of $700, and the request for the conveyance of the lots, was made by telephone on May 2, 1929. In this

HAMILTON, J.

Plaintiffs in error argue in the brief that the K. & M. Realty Company breached its contract of agency with plaintiffs in error, and claim error in the charge of the court to the jury and error in the court's refusal

telephone conversation the Helmes informed the parties that the time had expired and they would not make a deed.

On May 4, 1929, a letter was written by the K. & M. Realty Company to the Helmes, demanding the deed, and asking them to meet at a building and loan asosciation, at which time the realty company would pay the balance of $700, and receive the deed, but the Helmes refused to proceed further in the matter.

The 120-day limitation, provided for in the contract, expired about April 20, 1929, more than three weeks before tender of the balance of the money and demand for the deed were made. The Helmes had a right to refuse to sell after the expiration of the 120-day limitation. In an action at law, as this is, time is of the essence of the contract.

The amended petition alleges that the K. & M. Realty Company was the purchaser. It failed to prove this allegation. As we have stated, the contract on which the action is based is a contract of principal and agent. If it were to be considered as a contract of purchase and sale, the realty company would be in no better position. We have shown that plaintiff would not be entitled to recover damages for breach, as there was no breach by the Helmes.

On the basis of a contract of sale between the parties, something is claimed by the K. & M. Realty Company to the effect that the time limit was extended in writing, and this is claimed from the fact that on the back of the check, given January 8, 1929, appears the following: "I acknowledge as payment on lot 260 & 261, Dewey Ave., 50x77 ft. more or less. Balance due 4 months from date $700.00."

The check was indorsed by Anthony Helmes alone. He would necessarily have to indorse the check to get the money. The writing above his name is not proof of anything except receipt of the first payment in the amount of the check and its application. If it was to be considered as bearing on the question of alteration of the contract in extending the time, there was no consideration shown. The contract provided for the payment of $500 upon execution of the contract. The contract was executed December 20, 1928. The $500 payment, while not in accordance with the contract, was the payment required under the contract. Further, Mrs. Helmes, one of the principals, was not the payee, nor did she indorse the check. The contract being one of principal and agent, and no contract of sale having been effected, the Helmes were not entitled to retain the $452 paid them by the agent, the K. & M. Realty Company. No forfeiture of payment is in the contract.

The trial court ought to have instructed the jury that under the second amended petition the plaintiff was entitled to recover the $452 paid and no more, and this sum it would be entitled to recover, unless the jury should find for the defendants upon their cross-petition for property damage. The jury found against the defendants on the question of damage to their property. This it could do on the proposition that under the circumstances of the case the Helmes had permitted the K. & M. Realty Company to proceed with the construction of a building on the lot, although no deed had been acquired.

There is some evidence that the Helmes undertook to aid in resisting the cancellation of the permit by the building commission. If they did not directly consent to the realty company's proceeding with the construction work, they made no objection, nor did they protest in any way. We must therefore conclude that the finding of the jury against the Helmes on their cross-petition is not clearly against the weight of the evidence.

Under the record, we are of opinion that the court erred in not limiting the recovery of the realty company to the return of the first payment made, in the sum of $452. The realty company is entitled to recover that sum and no more.

The judgment will be modified by eliminating therefrom all in excess of the sum of $452, and, as so modified, will be affirmed.

ROSS, PJ and CUSHING, J, concur.