FINK, Appellant, v. DOGGETT, Respondent.
No. 8910.
Submitted November 9, 1949. Decided December 14, 1949.
Rehearing Denied February 23, 1950.
214 Pac. (2d) 743.

Mr. Ralph J. Anderson and Mr. Albert C. Angstman, both of Helena, for appellant. Mr. Anderson and Mr. Angstman argued orally.

Mr. Frank T. Hooks of Townsend for respondent. Mr. Hooks argued orally.

MR. JUSTICE FREEBOURN:

This appeal comes from Broadwater county. Merrill Fink, plaintiff and appellant, commenced an action against Howard Doggett, defendant and respondent, to recover $2,500 paid to William Lawton, a real estate agent, who turned the money over to defendant during negotiations for the purchase by plaintiff and the sale by defendant of a ranch, with equipment, cattle grazing permits and other personal property in Broadwater county for a consideration of $75,000.00.

By pleading and proof plaintiff maintains that it was understood there would be no binding contract between the parties until such was reduced to writing and signed; that the $2,500 was paid as a deposit; and that, since such written contract was

not signed, no binding contract existed and plaintiff is entitled to the return of the $2,500 paid.

Defendant, by answer and proof, denied plaintiff's contentions and asserted that a binding contract had resulted from the negotiations and that he was entitled to keep the $2,500 as part payment of the purchase price.

The cause was tried to a jury which returned a verdict for defendant.

Plaintiff contends a new trial should be granted because of errors by the lower court in giving and refusing certain instructions. We have examined the entire record and find merit in one of these contentions. Plaintiff offered his instruction No. 12, as follows: "You are instructed that if you find from a preponderance of all the evidence in this case that all of the terms of the proposed contract had been mutually agreed upon by the parties thereto, or their agents, but that no valid and binding contract existed because not in writing and signed by the parties and that the plaintiff or his agent arbitrarily refused to sign such written contracts, then you are instructed that the defendant may deduct from the deposit made with him his actual and reasonable expenses incurred during the negotiations between the parties. In this connection you are further instructed that the only item of damages testified to by the defendant and his witnesses and which you may consider in this connection are the damages if any, to defendant by reason of the delay, if any, in cutting the hay crop."

This instruction was refused and no other instruction was given embodying its terms or substance.

The pleadings and evidence justified the giving of this instruction. The complaint alleged: "That said agreement was not to be binding upon either party until so reduced to writing and signed by the parties." Plaintiff's examination disclosed: "Q. And was it your understanding that there was to be no binding contract until the contracts were signed in writing? A. That was my understanding. Q. At that time you went on and approved the contract as written? A. I didn't approve the

contract because I never signed it. Q. You never objected? A. I objected after I found the one forest permit didn't go with it.''

If we accept plaintiff's allegations and testimony as true, there could be no binding contract between the parties until a written contract was signed by them, as agreed upon. Hunt v. S. Y. Cattle Co., 75 Mont. 594, 244 Pac. 480; Hopkins v. Paradise Heights Fruit Growers' Ass'n., 58 Mont. 404, 193 Pac. 389.

55 Am. Jur., Vendor & Purchaser, sec. 530, p. 923, lays down the rule, ''When the contract for the sale of land which the parties have attempted to make is for some reason invalid or unenforceable, the purchaser thereunder may ordinarily recover payments which he has made on the purchase price * * *.''

Here, adopting plaintiff's position, the written contract never having been signed, there was no binding enforceable contract, and plaintiff was entitled to the return of the $2,500 paid as a deposit and as a step in the negotiations, since there was no forfeiture agreed upon.

In Mattson v. Slack, 134 N. J. L. 278, 47 A. (2d) 353, the Supreme Court of New Jersey said: ''It is apparent that a written contract executed by all parties was contemplated by them and it is manifest that no contract legally binding on the plaintiff was entered into. Until the execution of the agreement of sale by him he was entitled to withdraw. The deposit of $500 was merely a step in the negotiations.'' See also Poetker v. Dyck, 83 Cal. App. 771, 257 Pac. 185.

In the case at bar, however, the evidence further shows, without dispute, that plaintiff went into possession of the ranch during the negotiations, remained on it for a week or so, and left without notifying the defendant, who, in his answer, pleaded, ''Defendant suffered further loss and serious damage due to the neglect of the growing crops while said Mildred Fink was in possession, and after being abandoned by her without notice to defendant of her intention to abandon, as said crops diminished in yield and value through lack of irrigation and care.'' Defendant's testimony as to damage showed: ''Oh, the crop was

probably 50% reduced in value * * * It would probably average 150 to 200 ton per year. * * * as I recall it, alfalfa hay sold for about $12 to $15.  Q. What was the average reasonable market price?  A. I will say $12.'' Under defendant's answer and evidence the jury could have found that, even though there was no binding, written, signed contract, still, during the negotiations defendant had suffered actual loss and damage by plaintiff's acts in an amount approximating $1,200.00.  If this be true, and there was no evidence to the contrary, it would be inequitable and unjust to return the entire $2,500 to plaintiff, leaving defendant uncompensated for such loss and damage. Under sections 8667 and 8686, R. C. M. 1935, defendant was entitled to such part of the $2,500 as would compensate him ''for all the detriment proximately caused'' by plaintiff during the negotiations.

Defendant's damage was before the jury by pleading, evidence, and undoubtedly, by argument of counsel.  It probably was the main factor, and well it could be, in causing the jury to decide in defendant's favor, even though such jury may have believed there was no binding contract because not in writing and signed.  Had the jury been allowed to consider the element of defendant's damage and the refused instruction given, a different verdict might have been reached.  As it was, under the instructions given, the jury's verdict could only be either for plaintiff or defendant.  In either event the winning party recovered or retained the entire $2,500.00.

What the Supreme Court of Ohio said in Helmes v. K. & M. Realty Co., 41 Ohio App. 322, 180 N. E. 210, 212, well applies here, viz.:

''The contract being one of principal and agent, and no contract of sale having been effected, the Helmes were not entitled to retain the $452 paid them by the agent, the K. & M. Realty Company.  No forfeiture of payment is in the contract.

''The trial court ought to have instructed the jury that under the second amended petition the plaintiff was entitled to recover the $452 paid and no more, and this sum it would be en-

titled to recover, unless the jury should find for the defendants upon their cross-petition for property damage.''

It was prejudicial error to refuse plaintiff's instruction No. 12.

For the reasons given the judgment of the lower court is reversed, with directions to grant a new trial.

MR. CHIEF JUSTICE ADAIR and ASSOCIATE JUSTICES ANGSTMAN, METCALF and BOTTOMLY, concur.

Rehearing denied February 23, 1950.